289 N.J. Super. 344 (1995)
674 A.2d 169
GEORGE H. SANDS AND JEFFREY H. SANDS, PLAINTIFFS-APPELLANTS,
v.
CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY (FORMERLY KNOWN AS AETNA INSURANCE COMPANY), ATLANTIC EMPLOYERS INSURANCE COMPANY, ATLANTIC MUTUAL INSURANCE COMPANIES, FEDERAL INSURANCE COMPANY, CHUBB INSURANCE COMPANY OF NEW JERSEY, CONTINENTAL LOSS ADJUSTING SERVICE, CRUM & FOSTER COMMERCIAL INSURANCE, FIREMAN'S FUND INSURANCE, MISSION INSURANCE COMPANY, RELIANCE INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY[1], DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1995.
Decided June 30, 1995.
*345 Before Judges DREIER and VILLANUEVA.
Henry N. Portner argued the cause for appellants (Mr. Portner, on the brief).
Guy A. Cellucci argued the cause for respondents (White and Williams, attorneys for respondents Cigna Property and Casualty Insurance Company (formerly known as Aetna Insurance Company) and Atlantic Employers Insurance Company (Mr. Cellucci, Christopher M. Mikson, John J. Lawson, of counsel; Thomas E. Hastings and Grayson Barber of Smith, Stratton, Wise, Heher & Brennan [attorneys for respondents Federal Insurance Company and Chubb Insurance Company of New Jersey], Mary Thurber and Gail M. Burgess of Connolly Epstein Chicco Foxman Englemyer & Ewing [attorneys for respondent Reliance Insurance *346 Company], John Tinker and W. Stephen Leary of Leary, Bridge, Tinker & Moran and Roger Warin and Mindy Kaiden of Steptoe & Johson [attorneys for respondent St. Paul Fire & Marine], on the brief).
McElroy, Deutsch & Mulvaney, attorneys for respondents The North River Insurance Company and Crum & Forster Insurance Company, joined in the brief in opposition to appellants' application for leave to appeal (Robert W. Muilenburg, of counsel).
The opinion of court was delivered by VILLANUEVA, J.A.D.
Plaintiffs, George Sands and Jeffrey Sands, appeal pursuant to leave granted from a December 2, 1994 order denying plaintiffs' motion for partial summary judgment and granting partial summary judgment in favor of defendant insurance companies. Plaintiffs argue that defendants are obligated to defend them in a federal CERCLA action (Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C.A. § 9601 et seq.) where they have been named as third-party defendants. We reverse and remand for further proceedings.
In February 1991, the United States filed an action against Princeton Gamma Tech, Inc. (PGT) alleging that PGT is liable under CERCLA for response costs and for costs incurred and may be incurred for two superfund sites that are being monitored by the Environmental Protection Agency as well as the New Jersey Department of Environmental Protection. The sites are the Rocky Hill Municipal Wellfield and the Montgomery Township Housing Development. Trichloroethylene (TCE) has been found on each of these sites. In 1983, the sites were placed on the Superfund national priorities list pursuant to CERCLA. On November 4, 1991, plaintiffs, among others, were named as third-party defendants in a third-party complaint filed in the United States District Court for the District of New Jersey in which PGT is seeking contribution with respect to remediation of the environmental contamination. Plaintiffs owned properties operated as a *347 shopping center adjacent to the sites and leased properties over the years to various commercial tenants who allegedly used hazardous substances that contaminated the local water supply with TCE. The underlying federal action is still in the pretrial stages.
Shortly after plaintiffs were named as third-party defendants in the federal action, they placed the defendants on notice of the proceedings. Plaintiffs requested that defendants assume their defense, take responsibility for and share amongst the other insurance carriers the defense costs of the suit, and ultimately be responsible for any response costs and damages that may be incurred in the underlying federal action. In letters to plaintiffs, defendants denied coverage. However, one carrier, Home Insurance Company, agreed to undertake plaintiffs' defense, subject to a reservation of rights.
On September 15, 1992, plaintiffs filed a complaint in the Superior Court of New Jersey seeking a declaration that the primary and excess general liability insurance policies (policies) issued to plaintiffs by the defendant insurance companies provide coverage for plaintiffs' potential liability for payment or contribution to PGT, and that defendants have a duty to defend plaintiffs in the underlying CERCLA action. In the second amended complaint, plaintiffs sought damages for the alleged breach of defendants' contractual duties under their insurance policies with respect to defense costs and actual and potential contribution liabilities.
Plaintiffs moved to compel answers to interrogatories and production requests. Plaintiffs also moved for partial summary judgment seeking a determination that (1) an "occurrence" under the insurance policies written by defendants had taken place based upon the third-party complaint of PGT; (2) plaintiffs are entitled to reimbursement for response costs because such costs are damages under the policies as interpreted in Morton International, Inc. v. General Accident Insurance Co. of America, 134 N.J. 1, 629 A.2d 831 (1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2764, 129 L.Ed.2d 878 (1994); and (3) that plaintiffs be allowed to amend *348 their complaint to assert that defendants' conduct in refusing to defend plaintiffs is tortious and a willful breach of contract for which plaintiffs are entitled to compensatory and punitive damages. Plaintiffs argued additionally that defendants were obligated to assume their defense.
Defendants cross-moved for partial summary judgment on the ground that there is no present duty to defend plaintiffs as a policy holders under the policies when there were coverage issues that would not be resolved in the underlying action or when there was a potential for a conflict of interest between the insurer and policy holder.
The trial judge denied plaintiffs' motions and granted defendants' cross-motion, finding "no underlying duty to defend." The judge determined that plaintiffs were seeking a ruling as a matter of law that (1) an "occurrence" had taken place under the policies; (2) the contribution sought by the PGT constitutes damages; and (3) defendants breached their duty to defend plaintiffs in the underlying federal action. The judge's granting of this partial summary judgment in effect made defendants responsible solely to reimburse plaintiffs for their defense costs since the judge determined that there was no duty to defend until a complete factual record was established.
The judge interpreted Morton International as requiring that an analysis of expectation and intent be made in the context of all available evidence, and found that plaintiffs must present a "well-developed detailed factual record which could compel a Trial Court to find as a matter of law, that an occurrence has taken place." Rejecting plaintiffs' argument that defendants must exercise due diligence to discover facts to show there is no coverage, the judge determined that it was plaintiffs' burden to introduce the relevant evidence but he found that they "frankly presented little if any factual evidence which would convince this Court to find that an occurrence has taken place." The judge determined that plaintiffs' motion for summary judgment on the occurrence issue was premature.
*349 With respect to the issue whether response costs are considered damages under the policies, the judge was unsure of what plaintiffs were requesting. He therefore determined that because it was not known what amounts plaintiffs were obligated to pay to whom, summary judgment on this issue was also premature and inappropriate.
The judge then addressed defendants' joint cross-motion for partial summary judgment, concluding that defendants do not have a present duty to defend plaintiffs in the underlying action. Noting that the federal complaint alleged in part that plaintiffs knew or should have known that hazardous substances were being handled, stored or discharged onto their property, the judge reasoned that there were issues central to the coverage question that would not necessarily be decided in the federal action. The judge noted that plaintiffs would be benefitted by a finding that they acted with no such knowledge.
Finally, the judge denied plaintiffs' motion to amend their complaint to seek compensatory and punitive damages for willful breach of contract for failure to defend plaintiffs, reasoning that because he ruled in favor of defendants on the underlying issue, he could not justify permitting plaintiffs to amend their complaint.
The judge erred in two respects. First, he acted prematurely before meaningful discovery was completed. Secondly, he placed the burden on the insured when there was no factual basis asserted by the insurance companies for not defending.
Plaintiffs had substantially identical comprehensive general liability policies issued by defendants. Each of the defendant carriers asserted, amongst other reasons, that the environmental contamination for which plaintiffs sought their defense was not an "occurrence" under plaintiffs' policies. The carriers also asserted that the nature of the damages which plaintiffs might incur, specifically, "response costs to remediate environmental contamination," are not considered as covered "damages" under plaintiffs' *350 policies. The judge determined that it was too early to determine if there was an "occurrence."
In Morton International, the Supreme Court stated:
Accordingly, we hold that notwithstanding the literal terms of the standard pollution-exclusion clause, that clause will be construed to provide coverage identical with that provided under the prior occurrence-based policy, except that the clause will be interpreted to preclude coverage in cases in which the insured intentionally discharges a known pollutant, irrespective of whether the resulting property damage was intended or expected. We expressly limit our holding concerning the limited effect of the pollution-exclusion clause to cases in which the insured or an agent specifically authorized to act for the insured intentionally discharges a known pollutant.
[134 N.J. at 78, 629 A.2d 831 (emphasis added).]
To date, the insurance carriers have not come forward with any information which gives them a bona fide reason to believe that plaintiffs knew or should have known of the contamination and which would permit the carriers to refuse to perform their duty to defend in this case. Defendants contend that there were many issues, but these issues would be present in any claim such as this, and such assertions should not be permitted to nullify Morton International's beneficial effects upon insureds. We agree that all of the potential conflicts raised by defendants were illusory.
Herein, contrary to the disqualifying factors in Morton International, there is no evidence that would indicate that plaintiffs were anything other than innocent landowners or that they were responsible for causing or contributing to environmental pollution, and there is no evidence that there was any intentional or knowing contribution by plaintiffs to polluting the sites. Plaintiffs properly note that this is a case that "cries out for the ... holding of Morton International, where the [c]ourt found a judicial duty to defend, and invoked an estoppel doctrine to prevent the carriers from continuing in an activity which contravenes public policy."
There is nothing to prevent the defendant carriers from continuing diligently to resolve coverage issues. However, since there is no apparent conflict in the record to date, they should not be permitted to turn their duty to defend into a duty to reimburse.
*351 If the trial judge were correct, then insurers could claim in any case that a trial may develop facts that create a conflict with their policyholders. Fortunately, in this case, a single insurer, Home Insurance Company, agreed to provide plaintiffs with a defense. Had this not happened, plaintiffs would be left to their own resources. In many cases, especially if the insured is an individual, there may be entirely insufficient resources to defend against a CERCLA claim and a party's insurance policy would therefore be a practical nullity. As plaintiffs point out in their reply brief, the effect of the trial court opinion is that where environmental damage is claimed, insurance companies need not do anything until after the insured defends and tries its case. As plaintiffs state, "the Morton International decision requires that the insurance companies defend the insured, not defend against the insured."
The judge should at least have followed the provisions of R. 4:46-5(a) and continued this motion until the completion of discovery or at least so much of the basic discovery as would shed light upon the actual activities at plaintiffs' various sites. Where there are unresolved questions, an insurance carrier should at least offer a defense subject to a reservation of rights. Therefore, the trial court should have entered a temporary order pending the completion of discovery for defendants to provide a defense to plaintiffs under a reservation of rights.
If the discovery indicates a defense that is not covered by Morton International, then the defendants may withdraw, and plaintiffs will have to assume the further costs of defense. If no such defense to coverage appears, the defense will merely continue at defendants' expense. The judge placed the onus on the wrong parties. Presumptive coverage should have been assumed and a defense provided unless or until defendants can show that plaintiffs should not be afforded this defense.
The judge's denial of plaintiffs' motion to amend the complaint is not properly before us because we granted leave to appeal *352 limited to the coverage issue. The judge however may want to reconsider that decision.
We reverse the granting of defendants' cross-motion for summary judgment and remand for further proceedings.
NOTES
[1] These were the parties named in the caption on defendants' joint brief. Additional parties named in plaintiffs' brief and/or the original complaint include CNA Insurance, Continental Loss Adjusting Service, Royal Insurance Company, National Fire Insurance Company of Hartford and John Doe Companies 1-100.